IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CV-49-H(3)

| | | |
|---|---|---|
| DOROTHY MAY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| L.T. LARRY S. GUYTON, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff has filed an application to proceed *in forma pauperis*. She has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

In her complaint, Plaintiff asserts that she was arrested on February 4, 2006 and charged by the state of North Carolina with conspiring to obtain a controlled substance. Apparently her husband is either a co-defendant in this matter or has been charged with similar crimes in a separate matter. Plaintiff has not yet been tried for this crime, and has been released on bond pending her trial. She claims that the assistant district attorney prosecuting her case, Eliane Kelly, and Detective Larry S.

Guyton have verbally abused her. Notably, Plaintiff fails to describe with any specificity the conversations in which these Defendants were abusive. Likewise, Plaintiff contends that various Defendants have behaved "unprofessionally" and have mistreated her husband. Again, the specifics of this unprofessional behavior and her husband's mistreatment are not provided. Furthermore, Plaintiff asserts that she has been "denied a speedy trial because of Eliane Kelly." Specifically, Plaintiff argues that "Ms. Eliane S. Kelly refuses to allow me the opportunity of going to trial or do anything concerning my charge but keeping me coming to court." As relief, Plaintiff requests "that each defendant that is named in this said law suit be subjected to pay five million dollars . . ."

Plaintiff's claims that she has been verbally abused and treated unprofessionally are frivolous because they: 1) fail to state any basis for federal jurisdiction; and 2) are not factually specific enough to support any claim. Likewise, with regard to her claim that she has been denied a speedy trial, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable . . . Thus, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
> Heck, 512 U.S. at 486-487.

If Plaintiff were to succeed on a claim that her Sixth Amendment right to a speedy trial has been violated, her pending state prosecution would necessarily be invalidated. Thus, Plaintiff's right to action on this claim has not yet accrued. Similarly, "federal courts should abstain from the decision of constitutional challenges to a state action . . . whenever the federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989)(internal citations and quotations

omitted). Finally, as an assistant district attorney, Defendant Eliane Kelly is entitled to absolute immunity from a civil suit for money damages with regard to her initiation and pursuit of a criminal prosecution. Buckley v. Fitzsimmons, 509 U.S. 270 (1993). For these reasons, the undersigned finds that Plaintiff's Complaint fails to state any valid claims.

**Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that her Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 7th day of April, 2008.

_____
William A. Webb
U.S. Magistrate Judge